IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

WALTER ALLEN "AL" THOMPSON, et al.,

    Defendants.
_____/

No. CIV S-04-1476 FCD GGH

FINDINGS AND RECOMMENDATIONS

        Plaintiff's renewed motion for entry of default judgment against defendant Walter Thompson, filed February 5, 2009, was taken under submission without a hearing on March 6, 2009. Upon review of the motion and the supporting documents, and good cause appearing, the court issues the following findings and recommendations.

BACKGROUND

        On July 28, 2004, the government filed the underlying complaint in this action against defendants Walter Thompson, individually and doing business as Cencal Aviation, Cencal Sales Company and Cencal Aviation Products, and Denise Thompson,[1] to reduce income

---

[1] By its renewed motion, the government withdraws its prior request for default judgment against Denise Thompson and voluntarily dismisses its claims against this defendant. Pl.'s Mot. at 2.

1

tax and employment tax assessments to judgment, and to foreclose federal tax liens on real property.[2] The summons and complaint were personally served on defendant Walter Thompson on August 11, 2004. Fed. R. Civ. P. 4(e)(2). <u>Pacific Atlantic Trading Co. v. M/V Main Express</u>, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment void without personal jurisdiction). Defendant Walter Thompson has failed to file an answer or otherwise appear in this action.[3] On November 8, 2004, the clerk entered default against defendant Walter Thompson.

The government attempted to serve by mail the instant renewed motion for default judgment and supporting papers on defendant Walter Thompson at the Federal Correctional Institution in Lompoc; however, defendant refused service. (dkt. # 58.) Defendant Walter Thompson filed no opposition to the motion for entry of default judgment. The government seeks an entry of default judgment in the amount of $737,168.08 including interest and penalties calculated through March 15, 2009 for withholding and employment tax liabilities and federal unemployment tax liabilities, plus $2,596.46 in frivolous income tax return penalties, with interest calculated through March 15, 2009.

DISCUSSION

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party. <u>Geddes v. United Financial Group</u>, 559 F.2d 557 (9th Cir.

---

[2] Also named as defendants were Wells Fargo Home Mortgage, Inc., and JP Morgan Chase Bank because Wells Fargo allegedly had a first lien security interest in the property under a deed of trust, and JP Morgan allegedly held a second deed of trust on the property. On October 12, 2005, a stipulation and order was filed which agreed that any proceeds from a sale of this property would be distributed in the following order: first to Wells Fargo, second to JP Morgan, and third to the United States. Prior to the filing of this renewed motion, the property was sold and the proceeds distributed. The government has credited its portion of these proceeds to defendant's tax liabilities for 1998. (Pl.'s Ex. 16, dkt. #57-7 at 5.) Therefore, Count III relating to the tax lien foreclosure action has been rendered moot. Pl.'s Mot. at 2.

[3] Although Walter Thompson filed a letter on July 8, 2005, requesting verification of Article III status of district court judges, and another letter on February 23, 2009, explaining his refusal of delivery of documents, they were filed after entry of default and therefore cut off Walter's right to appear. W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, <u>Federal Civil Procedure Before Trial</u> § 6:42. Thompson has never sought to be relieved of default through a proper motion.

1977). The court finds the well pleaded allegations of the complaint state a claim for which relief can be granted. Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976). The memorandum of points and authorities and declarations filed in support of the renewed application for default judgment also support the finding that the government is entitled to the relief requested. There are no policy considerations which preclude the entry of default judgment of the type requested. See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

Because Walter Thompson was convicted criminally for the same IRS violations which are the basis of this civil suit, the court accepts the evidence presented in support of the application for default judgment as presumptively correct. The government has also provided IRS Certificates of Assessments and Payments as evidence of the tax liabilities in this case which constitutes sufficient probative evidence. See Exs. to First Enjalran Decl.

A. Frivolous Income Tax Return Penalties

Although defendant paid income taxes for the years 1996, 1997, and 1998, he later sought a full refund for these tax years by filing amended returns seeking to eliminate his entire adjusted gross income. Although the amended returns were disallowed by the IRS, defendant has been assessed penalties for filing frivolous income tax returns in the amount of $500 per amended tax return, for a total of $1,500. (Pl.'s Exs. 11-16.) 26 U.S.C. § 6702. Defendant was convicted criminally for filing false claims in regard to these filings. (Pl.'s Ex. 8, dkt. #56-9 at 17-19; Ex. 9, dkt. #56-10 at 3.) The district court in the related injunction case imposed Rule 11 sanctions for defendant's frivolous "Section 861" argument claiming domestic wages were not income. United States v. Thompson, Civ.S.03-1532 FCD GGH, Order, filed November 18, 2003, at 6-7. The IRS has calculated the interest on these penalties as of March 15, 2009. The total due for frivolous return penalties is $2,596.46. (Enjalran Decl., dkt. #56, ¶ 34.)

\\\\\
\\\\\

B. Withholding and Employment Tax Liabilities

Defendant was convicted of wilfully failing to withhold income taxes, FICA taxes and FUTA taxes from the wages of his approximately 25 employees and failing to pay them to the IRS, for the quarterly periods between July 1, 2000 and December 31, 2002. He also failed to pay the employer's portion of these taxes. (Pl.'s Ex. 1, ¶ 3; Ex. 8, dkt. #56-9 at 21-26; Ex. 9, dkt. # 56-10 at 3-5.) The government has provided a detailed explanation of how it calculated these tax liabilities as defendant did not keep records. (First Enjalran Decl., Pl.'s Ex. 1, ¶¶ 5-10.) The calculation of total amounts due for these liabilities, including penalties and interest, amounts to $737,168.08. (Enjalran Decl., dkt. #56, ¶ 35.)

C. Interest

Pursuant to 26 U.S.C. § 6601(a), (e)(2), the government is entitled to interest on both underpayments of tax and on penalties and other additions at a rate imposed under § 6621. Interest is owing from the "last date prescribed for payment" until paid. Id., § 6601(a). Although interest accrues until paid, the government has calculated interest through March 15, 2009, so that if the court grants its motion for default judgment, it can enter judgment for a sum certain. The amounts determined to be owing as frivolous income tax penalties and withholding and tax liabilities as set forth above, include interest calculated in this manner.

CONCLUSION

In view of the foregoing findings, it is the recommendation of this court that the government's application for entry of default judgment be GRANTED. Judgment should be rendered in the total amount of $739,764.54 ($2,596.46 in frivolous return penalties plus $737,169.08 in liabilities, including interest).

These findings and recommendations are submitted to the Honorable Frank C. Damrell, United States District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be

captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 05/29/09

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076
USThompson.def.wpd